NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DIRECTV, Inc., Plaintiff, v. JUAN RUIZ, Defendant. | Civil Action No. 04-2459 (JLL) **OPINION** |

**LINARES, District Judge.**

This matter comes before the Court on Plaintiff DIRECTV, Inc.'s motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and for the entry of a permanent injunction against Defendant Juan Ruiz ("Ruiz"). This motion is resolved without oral argument. See Fed. R. Civ. P. 78. For the reasons stated herein, Plaintiff's motion for default judgment is GRANTED.

## BACKGROUND[1]

DIRECTV, Inc. ("DIRECTV") is a national direct broadcast satellite company which delivers television channels and programming nationwide on a subscription and pay-per-view basis. To secure its satellite television programming and prevent unauthorized viewing of its

[1] Upon entry of default by the Clerk of the Court, "a defendant is deemed to have admitted the factual allegations of the Complaint by virtue of his default, except those factual allegations related to the amount of damages." DIRECTV, Inc. v. Asher, 2006 WL 680533 (D.N.J. 2006). Thus, for the purposes of this motion, the Court will accept the facts set forth in Plaintiff's pleadings as true.

programming, DIRECTV encrypts its transmissions. In order to view the programming, each DIRECTV customer must create an account with DIRECTV and obtain an access card and other hardware. Activation of the customer's access card permits the customer to view any channels subscribed to in an un-encrypted format.

A number of companies exist which distribute electronic devices designed to intercept satellite communications and pirate DIRECTV programming. Plaintiff obtained business records from two website operators, Ryan Dellazizzo and Brad Cohen, which showed that Defendant purchased a "pirate access device" from DSSWHIZ. Such device was shipped to Ruiz at his personal address. The purpose of such device is to decrypt DIRECTV satellite programming without authorization from or payment to Plaintiff.

Plaintiff filed its Complaint in this Court on May 26, 2004, alleging that Defendant Ruiz violated the Federal Communications Act of 1934, 47 U.S.C. § 605, and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. (Compl. ¶ 7). Defendant was served with the Complaint on September 23, 2004 and has not filed an Answer. DIRECTV has moved for Default Judgment against Ruiz, seeking $10,000 in statutory damages pursuant to 18 U.S.C. § 2520 for a single violation of 18 U.S.C. §§ 2511 or 2512, $4,601.95 in attorney's fees and costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), and injunctive relief pursuant to 47 U.S.C. § 605(e)(3)(B)(i).

## DISCUSSION

### A. Standard on Motion for Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default judgment. Fed.R.Civ.P. 55(b)(2). Courts in this Circuit have repeatedly held that a party is not entitled to default

judgment as of right, rather the entry of a default judgment is entrusted to the "sound judicial discretion" of the court. See Event Entertainment, Inc. v. DeDios, 1999 U.S. Dist. LEXIS 9765, *5 (D.N.J. June 4, 1999) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir 1984); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3d Cir. 1951). Accordingly, Fed. R. Civ. P. 55(b)(2) provides that when a party moves for judgment against an adverse party in default, the Court, in its *discretion* may enter judgment against the defaulting party. See Fed. R. Civ. P. 55(b)(2).

**B. Liability**

**1. 47 U.S.C. § 605(a)**

Title 47 U.S.C. § 605 provides, in relevant part, that "no person receiving ... any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof ... to any person other than the addressee, his agent, or attorney." 47 U.S.C. § 605(a)(1). Here, DIRECTV alleges, and this Court must accept as true, that Ruiz received and/or assisted others in receiving Plaintiff's satellite transmissions without authorization. Accordingly, Ruiz is liable under the statute.

**2. 18 U.S.C. § 2511(1)(a) and 2512(1)(b)**

Title 18 U.S.C. § 2511 states, in relevant part, that "any person who ... intentionally intercepts ... any wire, oral, or electronic communication ... shall be subject to suit." 18 U.S.C. § 2511(1)(a). Further, 18 U.S.C. § 2512 states, in relevant part, that "a person who intentionally ... possesses ... any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications ... shall be fined under this title or

imprisoned not more than five years, or both." 18 U.S.C. § 2512(1)(b). Here, DIRECTV alleges, and this Court must accept as true, that Ruiz purchased and used an illegal pirate access device to intercept the satellite transmissions of Plaintiff without payment for the use thereof, thus constituting intentional possession of an unlawful interception device and intentional interception. Accordingly, Ruiz is liable under these statutory sections.

**C. Monetary Damages**

In the Complaint, DIRECTV alleges that Defendant possessed and used a pirate access device and intentionally intercepted DIRECTV's satellite transmission of television programming, "depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration." (Compl. ¶ 23). Title 18 U.S.C. § 2520(a) provides that "any person whose ... electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, ... which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520(a). Such relief may include equitable relief, damages, reasonable attorney's fees and other costs of litigation. 18 U.S.C. § 2520(b).

Title 18 U.S.C. § 2520 authorizes a plaintiff to receive either actual damages suffered by plaintiff or "statutory damages of whichever is greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2). "Because statutory damages are designed to serve as a deterrent by penalizing the wrongdoer, they may be awarded regardless of whether a plaintiff actually suffered economic harm." DIRECTV v. Asher, 2006 WL 680533 at *2 (D.N.J. 2006) (citing Schnall v. Amboy Nat'l Bank, 279 F.3d 205, 216-17 (3d Cir. 2002)).

Accepting the pleadings as true, it is clear that Ruiz's possession of the pirate access

device and interception of Plaintiff's transmissions have caused economic harm to DIRECTV. By circumventing the Plaintiff's subscription service, while still receiving the benefit of television programming, Ruiz has caused losses to Plaintiff. Plaintiff does not seek statutory damages of $100 per day, but rather requests a total award of statutory damages of $10,000 pursuant to 18 U.S.C. § 2520 due to difficulty with quantifying the amount of damages. (Def. Br. at 23). After consideration of the record and the unique nature of Ruiz's violation, and in light of applicable default judgment jurisprudence, this Court will award Plaintiff $10,000 in statutory damages.

**D. Attorney's Fees**

The Electronic Communications Privacy Act entitles a successful plaintiff to receive reasonable attorney's fees and other reasonable litigation costs pursuant to 18 U.S.C. § 2520(b)(3). The Federal Communications Act also entitles a successful plaintiff to reasonable attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). "The court shall direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff seeks legal fees of $4,382.00, $150.00 in filing fees, and $69.95 for fees relating to service, for a total award of $4,601.95. The calculation of these amounts is set forth in a Certification submitted to this Court. See Nussbaum Certification. This Court finds Plaintiff's incurred fees and costs to be reasonable. Accordingly, this Court awards Plaintiff $4601.96 in fees and costs, to be recoverable from Defendant Ruiz.

**E. Injunctive Relief**

A court may award "such preliminary and other equitable or declaratory relief as may be appropriate." 18 U.S.C. § 2520(b)(1). Further, a court may "grant temporary and final injunctions

on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) [of the Communications Act]" pursuant to 47 U.S.C. § 605(e)(3)(B)(i). DIRECTV is therefore entitled to receive an injunction permanently enjoining Ruiz from committing or assisting in the commission of any further violation of 47 U.S.C. § 605 or violation of 18 U.S.C. §§ 2511 or 2512.

## CONCLUSION

For the foregoing reasons, DIRECTV's motion for default judgment is GRANTED. DIRECTV's request for damages and litigation costs is granted in the sum of $14,601.95 against Defendant Ruiz.

An appropriate order accompanies this Opinion.

/s/ Jose L. Linares
United States District Judge